Jin v. Sessions

BIA
Lamb, IJ
A087 446 554

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

YUJI JIN,
> *Petitioner,*

> v.                                                 16-2347
>                                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Evan Goldberg, Law Office of
                         Theodore M. Davis, New York, NY.


FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Stephen
                         J. Flynn, Assistant Director;
                         Annette M. Wietecha; Evan P.
                         Schultz, Trial Attorneys, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuji Jin, a native and citizen of the People's Republic of China, seeks review of a June 16, 2016, decision of the BIA affirming a February 4, 2015, decision of an Immigration Judge ("IJ") denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuji Jin,* No. A087 446 554 (B.I.A. June 16, 2016), *aff'g* No. A087 446 554 (Immig. Ct. N.Y. City Feb. 4, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Jin's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). As Jin has filed a merits brief, we treat the Government's motion as a response to that brief, and deny the petition.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable

2

standards of review are well established.  8 U.S.C.
§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66
(2d Cir. 2008).  "Considering the totality of the
circumstances," the agency may base an adverse credibility
determination on discrepancies between an applicant's oral and
written statements and between an applicant's statements and
other record evidence, as well as "any other relevant factor."
8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65.
"We defer . . . to an IJ's credibility determination unless
. . . it is plain that no reasonable fact-finder could make such
an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.
Substantial evidence supports the agency's adverse credibility
ruling.

Jin testified that in 2013 Chinese police went to her home
in China and told her husband that she would be arrested upon
return to China if she did not cease her pro-democracy
activities.  Jin's amended asylum application, however,
submitted less than a month before her hearing, omitted this
incident.  This omission alone is substantial evidence
supporting the adverse credibility determination.  *Xiu Xia
Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission
are . . . functionally equivalent."); *Xian Tuan Ye v. Dep't of
Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material

3

inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks omitted)).  This visit was central to proving Jin's alleged fear of persecution on account of her Chinese Freedom and Democracy Party ("CFDP") activities, and its omission calls into question whether the Chinese government was aware of her activities.  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").  Given the centrality of this omission and Jin's last-minute attempt to supplement her application at her hearing, the agency reasonably concluded that she was not credible.  *Xian Tuan Ye*, 446 F.3d at 295; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).  Moreover, the agency was not required to accept Jin's explanation that she forgot to include this incident because she had known about it since 2013 and it was the primary reason she feared persecution in China.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation

4

for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Additionally, that there was no letter from Jin's husband corroborating this incident further undermined Jin's credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate [her] . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although Jin testified that her husband was afraid to send a letter, the agency was not compelled to accept the explanation, especially given Jin's submissions of letters from her father and cousin in China regarding past encounters with Chinese officials. *Majidi*, 430 F.3d at 80-81.

Because this omission and lack of corroborating evidence constitute substantial evidence supproting the adverse credibility determination, *see Xian Tuan Ye*, 446 F.3d at 295; *Biao Yang*, 496 F.3d at 273, and because Jin's claims for asylum, withholding, and CAT relief were all based on the same factual predicate, the adverse credibility determination is

dispositive of all three.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the Government's motion for summary denial is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk